USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/16/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
KAERENE GEORGE, et al.,

                Plaintiffs,

      -against-                                 13 Civ. 9226 (LAK)

STORAGE AMERICA, et ano.,

                Defendants.
------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        This is an action by a number of individuals and The Wisdom International Church of the Living God: Pillar and Ground of the Truth against Storage America, which apparently is in the business of renting storage units, and Ebay. The grievance seems to be that the church came upon hard times, church property was placed in a storage unit, plaintiffs fell behind on the rental payments, and the property eventually was sold to Ebay at auction to compensate the lessor for the unpaid rent. Plaintiffs seek to sue both Storage America and Ebay for "grand larceny." They purport to be represented by Kaerene George, who does not claim to be a licensed attorney and certainly is not a member of the Bar of this Court. Reading the untutored complaint generously, the plaintiffs seem to base their claim on the First Amendment and some vague concept of sovereignty. A substantially identical action in the District of Connecticut previously has been dismissed for lack of subject matter jurisdiction, and the judgment in that action is final. Ms. George purported to act for all parties in that case as well despite the fact that she does not appear to be licensed to practice law.

        Ebay moved to dismiss the complaint in this action for, among other things, lack of subject matter jurisdiction. Magistrate Judge James C. Francis, IV, has filed a report and recommendation ("R&R") recommending that the action be dismiss on the ground that the Connecticut decision is *res judicata* and binding on the issue of subject matter jurisdiction. Ms. George has filed, purportedly on behalf of all of the plaintiffs, a so-called "motion for appeal and or motion for de nova," which the Court construes as an objection to the R&R.[1] The motion,

---

[1] I note also that the motion appears to be untimely, having been filed fifteen, rather than the necessary fourteen, days following the filing of the R&R.

however, is entirely devoid of content and fails to state any objection at all to the R&R.

The analysis that underlies the R&R perhaps could more properly be grounded in the doctrine of collateral estoppel, or issue preclusion, the in *res judicata*. After all, what was actually litigated and necessarily decided in Connecticut was the question whether the complaint there sufficiently alleged any basis for subject matter jurisdiction. But this nicety is not material here.

The fact of the matter is that the district judge in Connecticut directed the plaintiffs there to show cause why that action should not be dismissed for lack of subject matter jurisdiction, explaining in the order to show cause the reason for his concern. *George v. Storage America,* No. 3:13-01928-MPS, DI 6. Ms. George responded, but failed sufficiently to address the issue. The complaint in this action is substantially the same. Moreover, Ebay's motion specifically raised the subject matter jurisdiction issue here as well. Plaintiffs thus have had full opportunities in both cases to demonstrate the existence of subject matter jurisdiction. They have failed in each.

Accordingly, plaintiffs' objection to the R&R (the "motion for appeal and or motion for de nova") [DI 22] is overruled. Ebay's motion to dismiss the complaint for lack of subject matter jurisdiction [DI 4] is granted. This lack of jurisdiction is fatal also to the claim against Storage America. Accordingly, the case is dismissed in its entirety for lack of subject matter jurisdiction, which leaves plaintiffs free to pursue the matter in state courts.[2] The Clerk shall enter judgment and close the case.

SO ORDERED.

Dated:    April 16, 2014

_____
Lewis A. Kaplan
United States District Judge

---

[2] In view of the fact that the dismissal is without prejudice, the Court disregards the fact that Ms. George may not properly represent anyone but herself. Each of the individual plaintiffs, however, may sue on their own personal behalf. Assuming that the Church is a religious or other corporation, it may not be represented in any litigation in the federal courts or the courts of New York except by a licensed attorney.